## UNITED STATES v. SPOSATO.
### No. 42.

Circuit Court of Appeals, Second Circuit.
Oct. 15, 1934.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Justin C. Morgan, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

This appeal does not involve the question of the guilt or innocence of the appellant. His sole assignment of error is that the court, in imposing five sentences to run consecutively, did so unlawfully, because after the effective date of section 709a of title 18, U. S. Code (18 USCA § 709 (a), it is said that the court lost the power of imposing consecutive sentences. The appellant pleaded guilty on the five counts of the indictment and received a year and a day on each count—a total of five years and five days.

The purpose of this statute was to give to a prisoner the benefit of the time during which he might be confined before being taken to the penitentiary after sentence and not to change the long-settled practice regarding consecutive sentences. It is clear that the judge who imposed the sentence intended that he serve the full five years. It is equally obvious that he could not start one sentence un-

til the other had been carried out. The sentence is definite and leaves no ground for argument as to uncertainty.

A sentence upon all counts of an indictment, without specifying the penalties imposed upon the defendant as to each count, has been sustained. If it does not exceed the aggregate of punishment which could have been imposed upon the several counts, it is sufficient. Jones v. Hill (D. C.) 3 F. Supp. 1021. See, also, Corollo v. Dutton (C. C. A.) 63 F.(2d) 7. This statute (section 709a, 18 USCA), passed June 29, 1932, was not intended to repeal existing law by its provision that imprisonment shall run from the date "on which such person is received at the penitentiary * * * for service of said sentence." One who is accumulatively sentenced cannot be said to be received at the penitentiary for future sentence until his prior sentence has expired. His first reception is for service of his first sentence only.

Judgment affirmed.