**UNITED STATES of America,**
**Appellee,**

v.

**John B. McKEE, Wilfrid Pelchat, and**
**Andrew Thomas, Appellants.**

**No. 138, Docket 23214.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 7, 1955.

Decided March 3, 1955.

Louis G. Whitcomb, U. S. Atty., Springfield, Vt. (Stephen B. Richardson, Asst. U. S. Atty., Burlington, Vt., on the brief), for appellee.

Henry F. Black, White River Junction, Vt. (Peter F. Plante, White River Junction, Vt., on the brief), for appellant McKee.

Leon D. Latham, Jr., Burlington, Vt., for appellant Pelchat.

Wendell E. Farnham, Burlington, Vt., for appellant Thomas.

Before CLARK, Chief Judge, HINCKS, Circuit Judge, and SMITH, District Judge.

CLARK, Chief Judge.

Defendants appeal from conviction on four counts of an indictment charging a conspiracy under the conspiracy statute, 18 U.S.C. § 371, to smuggle, import, conceal, and transport a snowmobile in violation of the smuggling statute, 18 U.S.C. § 545. They challenge, inter alia, the sufficiency of the evidence adduced and the adequacy of the charge given to the jury.

The jury could reasonably have found that the three defendants, John B. McKee, Wilfrid Pelchat, and Andrew Thomas, were business associates who formed a plan of illegally bringing a snowmobile from Canada into the United States. They could have found, as substantially alleged in the indictment, that Pelchat and Thomas bought the vehicle in Canada; that thereafter it was taken to the Thomas farm in Vermont and there concealed in a barn; and that subsequently it was being driven elsewhere in Vermont by McKee when he was apprehended by Customs officials. Several surrounding circumstances lend credence to the jury's determination that these acts were done not innocently, but with intent to defraud the United States and violate its laws. When the snowmobile was being bought in Canada, Pelchat falsely gave a Canadian address. The vehicle was never reported at any Customs station, as required even for vehicles which are merely in transit through the United States. 19 U.S.C. § 1553, 19 CFR 5.11, 18.20–18.24. Tracks were found around the Thomas barn which, according to testimony which the jury might have believed, could only have come from snowmobile treads. McKee, upon his apprehension, first gave his name as Wilfred H. Thompson and also made contradictory statements about the ownership of the snowmobile and about the use he contemplated for it. There was no countervailing evidence of substance, the defendants not taking the stand.

This evidence was sufficient for submission of the case to the jury and denial of defendants' motions for acquittal. The conspiracy was sufficiently linked to Vermont to give the district court jurisdiction thereof. United

States v. Downing, 2 Cir., 51 F.2d 1030. The testimony established at least one overt act relegable to each conspiracy alleged. The slight variance in this regard from the allegations of the indictment was not material, and neither surprise nor prejudice was claimed at the time when the evidence was introduced. United States v. Negro, 2 Cir., 164 F.2d 168. It is claimed that some of the overt acts may have occurred before one of the conspirators joined the conspiracy. Even if this were so, it would be of no legal significance, since it is the established rule that one who joins a conspiracy previously formed becomes liable for any acts whatsoever done in furtherance thereof. United States v. Manton, 2 Cir., 107 F.2d 834, 838, certiorari denied 309 U.S. 664, 60 S.Ct. 590, 84 L.Ed. 1012; Van Riper v. United States, 2 Cir., 13 F.2d 961, 967, certiorari denied Ackerson v. United States, 273 U.S. 702, 47 S.Ct. 102, 71 L.Ed. 848; United States v. Spadafora, 7 Cir., 181 F.2d 957, 959, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650; Braverman v. United States, 6 Cir., 125 F.2d 283, 286, reversed on other grounds 317 U.S. 49, 63 S.Ct. 99, 87 L. Ed. 23; Deacon v. United States, 1 Cir., 124 F.2d 352, 358; Lefco v. United States, 3 Cir., 74 F.2d 66, 68.

■ The other main attack on the judgment below focuses on alleged errors in the judge's instructions to the jury. The charge as given consisted of abstract propositions of law, not related specifically to the evidence, and thus was of the noninformative character we have had occasion to criticize, as in Smith v. Texas Co., 2 Cir., 219 F.2d 74. But no objection was taken on this ground, and the evidence was neither so equivocal nor so complicated as to warrant reversal on our own initiative. We pass then to the specific errors assigned.

■■ Refusal of several requests to charge, relating principally to the definition of conspiracy, is not error, since they were unnecessary because covered in the charge as given. Requests concerning the nature of circumstantial evidence and the weight to be attached thereto were properly refused as not in accordance with the law, as we have often had occasion to expound it. United States v. Becker, 2 Cir., 62 F.2d 1007, 1010; United States v. Valenti, 2 Cir., 134 F.2d 362, 364, certiorari denied Valenti v. United States, 319 U.S. 761, 63 S.Ct. 1317, 87 L.Ed. 1712; United States v. Hall, 2 Cir., 198 F.2d 726, 730, 731, certiorari denied 345 U.S. 905, 73 S.Ct. 641, 97 L.Ed. 1341; United States v. Simone, 2 Cir., 205 F.2d 480, 484; United States v. Rossi, 2 Cir., 219 F.2d 612.

■ The complaint that the charge inadequately discussed the element of criminal intent requisite to a conviction requires a more extensive analysis. Here the judge recited the two statutes involved, summarized the four counts of the indictment, and then went into a rather lengthy discussion of the *five* elements of the crime of conspiracy, stressing numbers, agreement, unlawful purpose, intent, and overt act. Perhaps there was here some overlapping, but the requisites of concert or combination of two or more with unlawful purpose were at least adequately stressed. The objection has to be carried back to the recitals of the statutes and is specifically directed to a single sentence which is a fair summary of the last sentence of the smuggling statute, 18 U.S.C. § 545, providing that proof of the defendants' possession of the smuggled goods, "unless explained to the satisfaction of the jury, shall be deemed evidence sufficient to authorize conviction" of this statute. Read in context, however, this did not authorize conviction on mere proof of possession by a defendant. It follows after a reading of the prior part of the section; it is introduced by the words "The law further provides in that section that"; and it is followed by the summary of the government's case to the effect "that these respondents conspired together to smuggle, contrary to the Smuggling Act which I have just read to you." Thus the concert or combination to violate this law must be shown. Of course

once that is shown, the further proof of overt act in furtherance of the conspiracy may be shown just as the statute defines for the substantive crime.

Beyond this, defendants claim error in the failure to charge that "In the event you find from the evidence that the respondent McKee was attempting to drive the snowmobile into Canada that night, you may consider this evidence as bearing on the question of whether or not there was any intent to defraud the United States Government." This allegation of error is based on the theory that mere failure to report a nondutiable item to the Customs officials does not disclose the requisite criminal intent. The defendants claimed that the snowmobile was only in Vermont because it was being taken by the shortest route around Lake Memphremagog, from one point in Canada to another.

 We have earlier had occasion to consider the element of the crime here involved. In United States v. Kushner, 2 Cir., 135 F.2d 668, 670, certiorari denied Kushner v. United States, 320 U.S. 212, 63 S.Ct. 1449, 87 L.Ed. 1850, we held, somewhat reluctantly, that the then wording of the statute, "'intent to defraud the revenue of the United States,'" contemplated an actual loss of government income. Since that time the statute has been amended to delete the specific reference to "revenue." We therefore hold that under the present section, 18 U.S.C. § 545 supra, it is no longer necessary to show that the item or items introduced clandestinely into the United States were subject to duty. Adequate reporting of merchandise being brought into the country is absolutely necessary to the enforcement of the customs laws, and failure to comply with these requirements is just as criminal as failure to pay the customs fees. See United States v. Twenty-Five Pictures, D.C.S.D.N.Y., 260 F. 851.

 In their brief defendants' counsel virtually concede that loss of revenue need no longer be proven by the government. Their real grievance, when distilled from much surrounding verbiage, seems to be that this indictment, while it could have covered mere clandestine importation, in fact did not do so. Count one, the only count subject to this objection, charged that the defendants conspired "to violate Section 545, Title 18, United States Code, in that they did conspire to knowingly and willfully smuggle into the United States certain merchandise, to wit, a snowmobile, which should have been invoiced, with intent to defraud the United States * * *." The relevant portion of the statute reads: "Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced * * * [s]hall be fined * * *." It is evident that the indictment ran together the two separate elements of smuggling and clandestine introduction. But it gave adequate notice of the crime charged, and thus served its destined function. At this late date, after verdict against them, defendants, who never asked for a bill of particulars during the trial, cannot attack its sufficiency without a showing of substantial prejudice, such as is lacking here. United States v. Achtner, 2 Cir., 144 F.2d 49, 51; United States v. Pape, 2 Cir., 144 F.2d 778, 781, certiorari denied 323 U.S. 752, 65 S.Ct. 86, 89 L.Ed. 602; United States v. Wodiska, 2 Cir., 147 F.2d 38, 39; United States v. Groopman, 2 Cir., 147 F.2d 782, 785, certiorari denied 326 U.S. 745, 66 S.Ct. 29, 90 L.Ed. 445; United States v. George F. Fish, Inc., 2 Cir., 154 F.2d 798, 800–801, certiorari denied 328 U.S. 869, 66 S.Ct. 1377, 90 L.Ed. 1639; United States v. Peach Mountain Coal Min. Co., 2 Cir., 161 F.2d 476, 477; United States v. Leviton, 2 Cir., 193 F.2d 848, 851, certiorari denied Leviton v. United States, 343 U.S. 946, 72 S.Ct. 860, 96 L.Ed. 1350.

 Since the indictment and the statute thus included failure to invoice the snowmobile, the judge correctly re-

fused to charge that intent to return the vehicle to Canada would be exculpatory. This disposes of all of the objections raised to the charge. Defendants do voice additional complaints involving the admission of evidence or the exclusion of testimony by the trial judge. These either were within the court's discretion or were not prejudicial. United States v. Bruswitz, 2 Cir., 219 F.2d 59, and cases there cited; and see Lutwak v. United States, 344 U.S. 604, 618, 73 S.Ct. 481, 97 L.Ed. 593. Certain remarks of the prosecution in its closing statement are alleged to have been unnecessarily inflammatory. The government answers that this was merely in rebuttal to statements made by the defense. Since the record contains none of the summations in their entirety, we cannot judge whether excesses were in fact committed.

■■■■■ Gratuitous statements of the trial judge at the time of sentencing can have had no effect on the outcome of the case, since defendants can point to no bias in the judge's control of the trial. And the actual sentences imposed were far from excessive, not exceeding the penalty which could have been imposed under any one count of the indictment. It is true that, technically speaking, the sentences were not sufficiently precise, for they do not indicate whether sentence was being imposed on all counts or only on one, and if so, on which one. This might have required an otherwise superfluous remand if we had found the evidence insufficient on any one count. As it stands, we see no need to take further action, since defendants can ask the district court for clarification of their sentences, if the point should ever become important, and since a consolidated sentence, while not the preferred practice, does not constitute reversible error. United States v. Sposato, 2 Cir., 73 F.2d 186, 187; Phillips v. United States, 8 Cir., 212 F.2d 327, 335; McDowell v. Swope, 9 Cir., 183 F.2d 856, 858; United States v. Karavias, 7 Cir., 170 F.2d 968, 971.

Affirmed.