**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Louis P. KURFESS, Defendant-Appellant.**

**No. 17563.**

United States Court of Appeals, Seventh Circuit.

June 3, 1970.

Rehearing Denied June 25, 1970.

Wallace R. Sollo, Maurice J. Walsh, Carl M. Walsh, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Richard F. Sprague, Chicago, Ill., John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel, for appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and KERNER, Circuit Judge.

KERNER, Circuit Judge.

Defendant Louis P. Kurfess was charged in a one-count indictment with violation of 18 U.S.C. § 545. Defendant was tried before a jury, found guilty as charged, and sentenced to two

years imprisonment and ordered to pay a fine of $5,000. From this decision defendant appeals. We affirm.

On June 29, 1968, defendant and his wife, returning from Zurich, Switzerland, presented seven articles of baggage and a customs declaration to the customs agent at O'Hare airport. The agent asked the defendant if he had anything to add to his declaration and the defendant responded. "No." The agent opened an article of baggage which contained antique watches which were not invoiced on defendant's customs declaration. Defendant told the agent that he had bought the watches in the United States and had taken them to Germany for repair. The agent then called two other customs agents for a more thorough search. The second customs agents took defendant's baggage into a private examination room and with defendant's permission, opened all the baggage. The agents found one hundred pocket watches with foreign workings, and about seventy-five additional foreign articles. Defendant then admitted to the agents that he had acquired these items in Germany, and signed the customs declaration.

■ 18 U.S.C. § 545 provides in relevant part:

Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced * * *.

Shall be fined not more than $10,000 or imprisoned not more than five years, or both.

Defendant contends that since he openly presented the boxes containing the watches and other items to the first customs agent, he could not be guilty of "clandestinely" introducing goods into the country and therefore the government failed to prove the charge alleged in the indictment. We find defendant's contention to be without merit. We construe the phrase "clandestinely intro-duces" to refer to any method of introducing goods into this country surreptitiously by concealment or fraud. *See* *e. g.* United States v. Claybourn, 180 F. Supp. 448, 451 (S.D.Cal.1960). The testimony concerning defendant's act of carrying the foreign merchandise in four sealed cartons without listing them on his customs invoice, telling the customs agent that he had declared everything, and after the discovery of some watches, lying as to their origin, was sufficient proof to sustain the government's burden of showing "clandestine introduction."

■ Defendant also contends that 18 U.S.C. § 545 requires an "intent to defraud the United States" evidenced by proof that the merchandise smuggled was dutiable. The defendant charges that the government failed to introduce evidence of duty and thus the proof did not satisfy the requirements of the Act. The Second Circuit faced with the same contention as raised here found in United States v. McKee, 220 F.2d 266, 269 (2d Cir. 1955), that the 1954 amendment to 18 U.S.C. § 545, which deleted the word "revenue" from "intent to defraud the revenue of the United States" indicated that the primary Congressional purpose behind the Act was not to raise revenue but to supervise and regulate the inflow of imported goods. The court concluded in light of the Act's purpose that it was no longer necessary to show that the item or items introduced clandestinely into the United States were subject to duty in order to prove a violation of the Act. We agree.

■ Defendant also raises as reversible error the failure of the trial court to grant his motion to suppress all material seized by the government because the second search by customs agents was violative of his fourth amendment constitutional rights. Defendant argues that since he had already undergone a "border search" and had been assessed a duty and had then entered the public area, that the second search conducted

by the customs agents not being incident to an arrest nor pursuant to a warrant was constitutionally impermissible. We disagree. The record indicates that the defendant had not been cleared by the first customs agent when the second customs agents arrived to continue the search. The defendant was still loading his luggage on the cart and had not passed through the double doors into the public area. The investigation of defendant's baggage was a continuing valid border search.[1]

Defendant raises as error the failure of the court to grant a *voir dire* hearing outside the presence of the jury to determine if defendant's statements made to the second customs agents previous to receiving his *Miranda* warnings were admissible. While we agree with defendant's assertion that the trial court erred in failing to hold a hearing, *cf.* United States v. Nielsen, 392 F.2d 849, 850 (7th Cir. 1968), we find the defendant's statements made to customs agents were pursuant to a routine border search, before his bags were open and the foreign watches found, and therefore the *Miranda* warnings were not required. *See* Chavez-Martinez v. United States, 407 F.2d 535, 538–539 (9th Cir. 1969).[2] Consequently, the failure to hold a *voir dire* hearing was harmless error. Harrington v. California, 395 U. S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

Defendant also alleges that subsequent to receiving his *Miranda* warnings, he did not affirmatively waive his constitutional rights. We disagree. An examination of the record indicates defendant knowingly and intelligently waived his constitutional rights.

Defendant claims that a stipulation entered into by both parties, that his reputation witnesses who were not present at the close of the government's case, if present, would testify that defendant Kurfess's reputation was good, was coerced and improper. While we agree that such a stipulation is unorthodox, the record indicates that both parties were agreeable to such stipulation and we find it not to be error.

Defendant also challenges two jury instructions as error. There is no indication that defendant objected to these instructions before they were submitted to the jury and, therefore, he has waived any error. Rule 30, F.R.Crim.P. In addition, we have examined both questioned instructions and find them to be proper.

Defendant's last allegation of error is that he was denied effective assistance of counsel. We have closely examined the record and find defendant was not denied effective assistance of counsel.

For the foregoing reasons, we affirm.

Affirmed.

---

1. Since we are not faced with the problem of whether there can be a second valid border search after the first search has been completed and the person has left the customs area, we need not reach this question. *But see* Thomas v. United States, 372 F.2d 252, 255 (5th Cir. 1967).

2. In oral argument defendant relied on United States v. De La Cruz, 420 F.2d 1093 (7th Cir. 1970), for the proposition that defendant Kurfess' statements made previous to receiving his *Miranda* warnings were inadmissible. The facts of *De La Cruz* indicate, however, that much more than a routine border search was involved and thus we find it clearly distinguishable.