Herman **RANDALL**, Petitioner-Appellant,

v.

W. J. **ESTELLE**, Director, Texas Department of Corrections and Clarence Jones, etc., Respondents-Appellees.

No. 73-3298.

United States Court of Appeals, Fifth Circuit.

April 4, 1974.

Before BELL, THORNBERRY and DYER, Circuit Judges.

DYER, Circuit Judge:

Randall appeals from the district court's denial of his habeas petition challenging the legality of his state murder conviction. The petitioner bases his claim for relief on the single contention that his testimonial admission of guilt was impelled by the prosecution's introduction of a written confession procured from Randall by an investigating officer who gave the petitioner fatally belated *Miranda* warnings. We vacate and remand for an evidentiary hearing to determine the voluntariness *vel non* of Randall's judicial confession.

## I

Responding to a radio call to investigate a possible homicide, two uniformed Dallas, Texas police officers discovered Randall crouched over the body of a woman, subsequently determined to be Randall's common-law wife. Due to inclement weather, the officers took Randall to their marked police car, where he was interrogated for ten to fifteen minutes. During this period, Randall, without the benefit of *Miranda* warnings, informed the officers of the location of the murder weapon. After this preliminary examination, the officers briefed a police detective who had arrived to continue the investigation. On the basis of this information, the detective, prior to speaking with Randall, formed the opinion that the petitioner was the likely culprit. Randall was then directed by the detective to a second police car where, after additional questioning, the petitioner orally admitted that he had killed his wife. Only at this juncture did the detective recite the *Miranda* litany, the entire interrogation by all three investigatory officers having been accomplished without the prefatory warnings required for a custodial interrogation. Randall was then taken to police headquarters where he executed a written confession prepared by the same investigating detective some two or

Melvyn Carson Bruder, Dallas, Tex., for petitioner-appellant.

John B. Tolle, Asst. Dist. Atty., Dallas, Tex., John L. Hill, Atty. Gen., Robert C. Flowers, Roland Daniel Green, III, Thomas M. Pollan, Asst. Attys. Gen., Austin, Tex., for respondents-appellees.

three hours after the on-the-scene confession.

At the trial, the state court suppressed Randall's oral confession as violative of *Miranda,* but his written statement was admitted over the defendant's objection that the later statement was tainted by the prior illegal confession, inasmuch as the intervening *Miranda* warnings given by the detective had not dissipated the effects of the prior interrogation. After this inculpatory evidence was admitted, Randall took the stand to testify on his own behalf despite his attorney's vigorous opposition to this tactic. The petitioner immediately admitted responsibility for the homicide but protested that the deed was done with no "malice" toward the victim. His conviction for murder duly followed, and the judgment was affirmed on appeal.

On the basis of these facts, the district court denied habeas relief without conducting an evidentiary hearing. The court essentially determined that Randall's conviction stemmed from his own freely offered testimony and that any taint stemming from the suppressed oral confession and the written statement did not fatally infect the judicial admission. In so holding, the district court rejected Randall's reliance on Harrison v. United States, 1968, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047, in which the Supreme Court found that the defendant's incriminating testimony at his trial was the inadmissible product of an illegally procured confession.

## II

■■ It is beyond peradventure that Randall's oral confession resulted from custodial interrogation sufficient to trigger the *Miranda*-prescribed requirements, rather than from inherently noncoercive, on-the-scene questioning. In past *Miranda* cases, this Court has consistently considered one factor to be paramount in the case-by-case analysis of whether an interrogation is custodial in nature, namely whether the investigation has focused on the defendant at the

time of interrogation. *See* Brown v. Beto, 5 Cir. 1972, 468 F.2d 1284, 1286; United States v. Phelps, 5 Cir. 1971, 443 F.2d 246, 247–248; Bendelow v. United States, 5 Cir. 1969, 418 F.2d 42, 47. The facts of this case plainly show that Randall was the focal point of an intensive interrogation by three police officers in the distinctly unfamiliar environs of a police car.

Further, we discern a fatal causal connection between the pre-*Miranda* confession and the written statement made at police headquarters shortly thereafter. The intervening warnings, coming as they did at the end of the interrogation process rather than at the beginning, could scarcely serve sufficiently efficacious purposes when only two hours had passed before Randall was asked to repeat the incriminating statements to the very officer who had successfully undertaken the pre-*Miranda* interrogation. The second confession was simply not amply removed from the preceding statement in time or circumstances to "sufficiently distinguish" it from the unlawful oral confession.

■■ In view of the illegality of the written confession introduced at trial, the *Harrison* principle proscribing the use of incriminating testimony which is impelled by the introduction of a bad prior confession becomes highly relevant to our inquiry. The extraordinary occurrence of Randall's taking the stand despite his attorney's protestations raises the possibility that the introduction of the written confession unconstitutionally overbore Randall's will, and thus rendered his testimony at trial involuntary. As in *Harrison,* Randall's defense strategy apparently did not contemplate the petitioner's taking the stand at all, but this stratagem was abandoned by the defendant upon the court's admission of the illegally obtained statement.

The district court, however, attempted to distinguish *Harrison* entirely from the present case. We find this effort unpersuasive. There is no indication that *Harrison* was merely an exercise of

the Court's supervisory powers, rather than a constitutionally based holding. Moreover, the opinion does not state, as the district court suggests, that Harrison took the stand in accordance with his attorney's advice. To the contrary, the only indication made by the Court was that Harrison's attorney announced at the outset of the trial that his client would *not* testify in his own behalf. Moreover, the fact that *Harrison* involved the use of the defendant's prior incriminating testimony at a subsequent trial is of no importance to its applicability to the case *sub judice*.

In light of *Harrison*, it is incumbent on the district court to hold an evidentiary hearing to determine whether Randall's election to testify was truly voluntary. In this hearing, the burden is clearly on the Government to "show that its illegal action did not induce [the petitioner's] testimony." *Harrison, supra,* 392 U.S. at 225, 88 S.Ct. at 2011.

• Vacated and remanded.