Lynnwell SMITH, Appellee,

v.

W. J. ESTELLE, Director, Texas Department of Corrections, Appellant.

No. 74–1188.

United States Court of Appeals, Fifth Circuit.

Feb. 20, 1976.

John Pierce Griffin, Asst. Atty. Gen., Austin, Tex., for appellant.

Phillip M. Renfro, Houston, Tex. (court appointed), for appellee.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion Sept. 26, 1975, 5 Cir., 1975, 519 F.2d 1267).

Before BROWN, Chief Judge, AINSWORTH and DYER, Circuit Judges.

JOHN R. BROWN, Chief Judge:

By a vigorous and thoroughly researched petition for rehearing which would do great credit to the most experienced of criminal law practitioners, court-appointed counsel (whose normal field is that of civil litigation) challenges our holding that the introduction at Smith's state trial of his pre-trial, pre-indictment confession, which was obtained in violation of *Escobedo v. Illinois*, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, was harmless error. Smith contends (i) that the harmless error rule is never applicable to rectify involuntary confessions erroneously admitted into evidence, and (ii) that his trial testimony—which was a crucial factor in this Court's finding of harmless error—was induced by his erroneously admitted pre-trial confession so that his trial testimony was thereby tainted and was not proper independent evidence of guilt, and without his trial testimony the admission into evidence of the unlawfully obtained pre-trial confession cannot be considered harmless. Both of these arguments are made to the Court for the first time on petition for rehearing, and we requested a responsive brief from the state. We hold that the rule that erroneously admitted involuntary confessions can never be considered harmless is not applicable to this case, but we agree with petitioner to the extent that if, on remand, the District Court finds that Smith's trial testimony was in fact induced by the introduction of his unlawful confession, there would be insufficient independent evidence of guilt to warrant our previous finding that the introduction of the unlawful confession was harmless error.

Petitioner cites an avalanche of cases, including *Haynes v. Washington*, 1963, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513; *Lynumn v. Illinois*, 1963, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922; *Culombe v. Connecticut*, 1961, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037; *Payne v. Arkansas*, 1958, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975; *Malinski v. New York*, 1945, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; *Lyons v. Oklahoma*, 1944, 322 U.S. 596, 64 S.Ct. 1208, 88 L.Ed. 1481; *Bram v. United States*, 1897, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568, for the proposition that an involuntary or coerced confession is so violative of our fundamental concepts of due process and fair play that its admission into evidence can never be considered harmless error, no matter how overwhelming be the other properly admitted evidence of guilt.[1] The blizzard of cases with which petitioner confronts us invoking this strict proposition, however, have all involved truly involuntary or coerced confessions—none has applied the proposition to a mere unlawful confession, such as one obtained in violation of defendant's *Escobedo* right to counsel, or his *Miranda*[2] right against self-incrimination.

The distinction between the genus of unlawful confessions and the species of involuntary or coerced unlawful confessions is not without a difference. Although both types constitute very damaging evidence against the accused, an unlawful confession may not be nearly as untrustworthy in determining the defendant's guilt or innocence, or nearly as shocking to our notions of fundamental due process, as an involuntary confession certainly is.[3]

---

1. *But see Milton v. Wainwright*, 1972, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (alleged involuntary confession to police officer posing as cell mate would be harmless in light of three previous valid confessions).

2. *Miranda v. Arizona*, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

3. A *Jackson v. Denno* hearing is of course constitutionally mandated for a defendant who timely urges that his confession is inadmissible because not voluntarily given. 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

More importantly, the distinction between unlawful and involuntary confessions is buttressed by cases which have now woven the principle that confessions—unlawful but not involuntary—admitted into evidence but obtained without having given the warnings required by *Miranda* are subject to the harmless error rule.[4] *Null v. Wainwright*, 5 Cir., 1975, 508 F.2d 340, cert. denied, 421 U.S. 970, 95 S.Ct. 1964, 44 L.Ed.2d 459; *United States v. Hill*, 5 Cir., 1970, 430 F.2d 129; *United States v. Harris*, 1970, 140 U.S.App.D.C. 270, 435 F.2d 74, 83 n.21, cert. denied, 1971, 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 152; *United States v. Jackson*, 7 Cir., 1970, 429 F.2d 1368; *United States v. Sutt*, 7 Cir., 1969, 415 F.2d 1305. *See Harrington v. California*, 1969, 395 U.S. 250, 255, 89 S.Ct. 1726, 1729, 23 L.Ed.2d 284, 288 (Brennan, J., dissenting) (harmless error doctrine will undermine *Miranda*); *United States v. Blair*, 5 Cir., 1972, 470 F.2d 331, cert. denied sub nom., *Crews v. United States*, 1973, 411 U.S. 908, 93 S.Ct. 1536, 36 L.Ed.2d 197 (harmless error doctrine applicable to *Miranda* viola-tion but confession not harmless). *But see Brooks v. Perini*, N.D.Ohio, 1973, 384 F.Supp. 1011, aff'd, 6 Cir., 1974, 497 F.2d 923, cert. denied, 419 U.S. 998, 95 S.Ct. 312, 42 L.Ed.2d 271 (*Miranda* violation "constitutionally compelled" reversal).

Smith was tried on August 10, 1965, during the 24-month interlude between *Escobedo* and *Miranda*. Our case is thus one of a dwindling number to reach the courts controlled by *Escobedo* but to which *Miranda*, which further elaborated the holding in *Escobedo*, does not apply. *See Johnson v. New Jersey*, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Petitioner did not contend at his state trial, has not contended at any of the several review proceedings thereafter,[5] and does not now contend that his pretrial confession was involuntary or coerced. He did not request a *Jackson v. Denno* hearing at his state trial. Thus, Smith's confession was unlawful for the sole reason that it was obtained by the police after his requests for counsel were denied, a clear *Escobedo* violation as we previously held.[6]

---

4. The harmless error rule has also been applied to other types of unlawful confessions. *United States v. Wilson*, 5 Cir., 1974, 500 F.2d 715, cert. denied, 1975, 420 U.S. 977, 95 S.Ct. 1403, 43 L.Ed.2d 658 (introduction of defendant's confession tainted by excised exculpatory statements was harmless error); *United States v. Hayles*, 5 Cir., 1973, 471 F.2d 788, cert. denied, 411 U.S. 969, 93 S.Ct. 2159, 36 L.Ed.2d 690 (playing unlawful tapes of incriminating statements by defendant was harmless error); *Hoover v. Beto*, 5 Cir., 1972, 467 F.2d 516 (en banc), cert. denied, 409 U.S. 1086, 93 S.Ct. 703, 34 L.Ed.2d 673 (erroneous introduction of principal's hearsay confession at accomplice's trial was harmless); *Posey v. United States*, 5 Cir., 1969, 416 F.2d 545, cert. denied, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127, reh. denied, 397 U.S. 1031, 90 S.Ct. 1267, 25 L.Ed.2d 544 (assumed *Bruton* error in introduction of co-defendant's confession was harmless).

5. *See, e. g.*, petitioner's closing statement below: "Petitioner here doesn't claim that he was denied a hearing on the voluntariness and that is why his rights were denied. He is basing his claim on the taking of the confession and the denial of his rights under *Escobedo* * * *." Tr. at 74.

So far petitioner has traveled a long road. The District Court hearing on remand now ordered will be the ninth post-conviction proceeding. This last, but limited, success dramatizes the value of able counsel.

6. Dicta in *Miranda* that custodial confessions elicited after the accused has requested and been denied counsel are coerced *per se*, 384 U.S. at 457–58, 474, 86 S.Ct. 1618–1619, 1627, 16 L.Ed.2d 713–714, 723, is not contrary to our view that for purposes of invoking the harmless error rule, we are here dealing only with an anti-*Escobedo* confession. The inherent pressures to confess discussed in *Miranda* faced by an accused alone with his interrogators do not rise to the same high level of coercion present in those involuntary confession cases, cited above, which hold the harmless rule inapplicable. If all anti-*Miranda* confessions *were* equally involuntary to those in fact physically or psychologically coerced, it would be difficult indeed to justify those cases, also cited above, applying the harmless error rule to anti-*Miranda* confessions. Furthermore, *Miranda* is not retroactively applicable to our case, and we are thus not compelled by its dicta to *sua sponte* transform Smith's *Escobedo* attack on his confession into an allegation of involuntariness. *Cf. Milton v. Wainwright, supra* (admission of 1958 pre-*Miranda* unlaw-

We have found no cases which squarely consider the application of the harmless error rule to an anti-*Escobedo* confession.[7] In our view, however, an anti-*Escobedo* confession is more analogous to an anti-*Miranda* confession than to an operationally involuntary or coerced confession, thus warranting the application of the harmless error rule. *Miranda* evolved from *Escobedo*, re-examining, reaffirming and extending its holding. It would be incongruous to make the harmless error rule applicable to the progeny and not to the predecessor. Both *Escobedo* and *Miranda* involve confessions which are unlawful but not involuntary in the operational sense.

Thus, our original harmless error analysis withstands petitioner's initial attack.

It cannot survive the second. Petitioner contends that we erred by including, as our prior opinion reflects we did, his trial testimony in our calculation of harmless error, since he was induced to take the stand by the introduction of his unlawful pre-trial confession.[8]

"The same principle that prohibits the use of confessions [unlawfully] procured also prohibits the use of any testimony impelled thereby—the fruit of the poisonous tree, to invoke a time-worn metaphor. * * * If he [took the stand] in order to overcome the impact of confessions illegally obtained and hence improperly introduced, then his testimony was tainted by the same illegality that rendered the confessions themselves inadmissible." *Harrison v. United States*, 1968, 392 U.S. 219, 222–23, 88 S.Ct. 2008, 2010, 20 L.Ed.2d 1047, 1051–1052. See *Fahy v. Connecticut*, 1963, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171; *Wong Sun v. United States*, 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; *Alberti v. Estelle*, 5 Cir., 1975, 524 F.2d 1265, 1268; *Randall v. Estelle*, 5 Cir., 1974, 492 F.2d 118. If Smith would not have taken the stand but for the admission of his unlawful pre-trial confession, introduced through the testimony of Officer Rippey, then his trial testimony was tainted thereby and cannot be considered as independent evidence of guilt for purposes of applying the harmless error rule.

Smith's trial testimony—Smith in essence corroborated the damaging testimony of the only two witnesses to the killing but asserted that he "whacked at" the victim in self-defense—was crucial to our finding of harmless error. Without it, the independent evidence of guilt—basically the testimony of Green and Hawkins—is insufficient to warrant the conclusion that the introduction of Smith's unlawful pre-trial confession was harmless beyond a reasonable doubt. *Schneble v. Florida*, 1972, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340; *Harrington v. California*, 1969, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; *Chapman v. California*, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

Whether Smith would not have taken the stand but for the admission, through Officer Rippey's testimony, of his unlawful pre-trial confession is a question of fact on which the District Court has made no findings, and on which the record is inconclusive. The unexplained

---

ful custodial confession deemed harmless error). And in any event we do not decide or intimate any holding on when or under what circumstances harmless error is not permissible in an anti-*Miranda* situation.

7. But the Court pointed out in *United States v. Blair*, 5 Cir., 1972, 470 F.2d 331, *supra*, that, although the confession violated *Miranda*, the holding in *Escobedo* also governed the case. The defendant had been given the *Miranda* warnings, but his subsequent request for counsel was denied. The Court considered but did not find the error to be harmless. In *Brooks v. Perini*, N.D.Ohio, 1973, 384 F.Supp. 1011, *supra*, the *Miranda* violation which "constitutionally compelled" reversal was the denial of defendant's request to consult counsel.

8. Petitioner also argues that even if his trial testimony is weighed along with the independent evidence of guilt, the admission of his unlawful pre-trial confession does not meet the test of harmless error. However, we adhere to our original calculation of harmless error when Smith's trial testimony is included on the scales.

record indicates that Smith apparently did not originally plan to testify, since the sheriff had already taken charge of the jury when the case was reopened to allow him to take the stand. Tr. at 135. But even without Officer Rippey's testimony, Smith may have considered the testimony of witnesses Green and Hawkins to be damaging enough in itself to have compelled him to embark upon his self-disclosure, self-defense strategy.

We leave the question of the link between Smith's trial testimony and his unlawfully admitted pre-trial confession to be answered by the District Court on remand, after a full hearing—which will hopefully include the testimony of L. L. Scott, Smith's state trial counsel.[9] *Logan v. Capps*, 5 Cir., 1976, 525 F.2d 937, and the cases it cites set out the respective burdens and the analytical procedures for the guidance of the District Court in determining how the causal relationship between the unlawful pre-trial confession and Smith's trial testimony is to be determined.

Except as to the issue on which we remand to the District Court, the Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the Petition for Rehearing En Banc is denied.

AINSWORTH, Circuit Judge (specially concurring):

I concur fully in the opinion of Chief Judge Brown insofar as it responds to appellant's miscontention that harmless error is never applicable to rectify involuntary confessions erroneously admitted into evidence.

As to appellant's second point, that his trial testimony is induced by his erroneously admitted pretrial confession, it is my view that Chief Judge Brown's original opinion in this case, 5 Cir., 519 F.2d 1267, adequately considered the facts and circumstances upon which we predicated our denial of petition for habeas corpus. It is with considerable reluctance that I concur in the result herein remanding this case for further supplement of the record. I doubt that we should reward the excellence of the brief of petitioner's counsel with another evidentiary hearing when, as we have pointed out, what we now order will be the ninth post-conviction proceeding.

**9.** Notwithstanding the fact that counsel's decision to have his client take the stand may have involved communication with his client, Smith would not be able to invoke the attorney-client privilege on remand in a post-conviction case. *See United States v. Woodall*, 5 Cir., 1970, 438 F.2d 1317, 1324–26 (en banc).