WARNER, Judge.
The appellant was convicted by a jury of burglary with a battery and sexual battery with physical force likely to cause serious personal injury. He complains on appeal that the trial court erred in denying his motion to suppress his confession without holding an adequate evidentiary hearing on the motion, in that there was no proof of appellant’s waiver of Miranda rights.[1]
Appellant was charged with burglary and committing a sexual battery on his neighbor who lived in the apartment above him. On the morning of the incident in question, after having escaped from the appellant, the victim called the police, and the police went to appellant’s apartment. At that time appellant was advised of his rights, and some conversation with appellant occurred. He was then transported to the police station where he gave a full taped confession. At the motion to suppress, the appellant objected to the predicate laid for the introduction of the taped confession, because the state did not prove that appellant had waived his rights after he was advised of them at the scene. The trial court overruled this objection and permitted the tape to be played at trial.
Before his statements can be offered into evidence it is the state’s burden to prove that, first, the appellant was advised of his Miranda rights and, secondly, that he knowingly and intelligently waived those rights. Miranda v. Arizona. Although a waiver can never be presumed from.a silent record, a waiver can be inferred from the totality of the circumstances surrounding the confession. North Carolina v. Butler, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). In this case, the crucial missing link is what occurred at the scene when the officer read appellant his rights the first time. Had he requested counsel at that time, then the subsequent police-initiated taped confession without the presence of counsel would be inadmissible. See Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). In this regard, the state’s presentation of its proffer was incomplete, and the trial court should have required that the state present evidence concerning the first reading of Miranda rights to the appellant at the scene. United States v. Ramirez, 710 F.2d 535 (9th Cir.1982).
However, a deficiency in the Miranda procedure renders statements admitted into evidence unlawful but not necessarily involuntary. See Smith v. Estelle, 527 F.2d 430 (5th Cir.1976). This is in contrast to án involuntary or coerced confession which is so violative of fundamental due process rights that it can never be constituted as harmless error. See Smith. The Miranda principles are thus subject to a harmless error analysis. Null v. Wainwright, 508 F.2d 340 (5th Cir.1975); Smith. And, “[i]f, upon its reading of the trial record, the appellate court is firmly convinced that the evidence of the petitioner’s guilt was overwhelming and that the trier of fact would have reached the same result without the tainted evidence, the conviction will stand.” Null, 508 F.2d at 343.
We have read the appellate record, and the overwhelming evidence showed that the defendant was guilty as charged. The victim testified at length and in detail, and the appellant’s confession simply matched her testimony, detail by detail. The defense of appellant was not that he did not commit the crime but that he was insane by reason of heavy intoxication and low intelligence.[2] In fact, defense counsel used the confession and the words contained therein to buttress his argument that appellant was not sane at the time the offense took place.
Thus, we deem that any error in the admission of the confession was harmless *109 beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Null v. Wainwright, 508 F.2d 340 (5th Cir.1975); United States v. Davidson, 768 F.2d 1266 (11th Cir.1985); Harryman v. Estelle, 616 F.2d 870 (5th Cir.1980); Miller v. Dugger, 838 F.2d 1530 (11th Cir.1988); Cape v. Francis, 741 F.2d 1287 (11th Cir.1984).
Finding no error in the remaining points of appellant, we affirm the conviction and sentence.
DOWNEY, J., concurs.
GLICKSTEIN, J., dissents with opinion.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The appellant’s motion to suppress also challenged the voluntariness of the confession on these grounds and the court ruled against him. He does not raise this as an issue on appeal, and the evidence supports a finding of voluntariness.