GLICKSTEIN, Judge,
dissenting.
I cannot join in a conclusion that the introduction of the confession was harmless error.
My perception of the importance of determining the question of waiver, and the trial court’s failure to do so, would require rationalizing on my part, not reason, to affirm, at this point, notwithstanding the heinousness of the act upon the victim.
Justice does not require a new trial, at this point, but — in my view — does require a post-trial hearing to determine what should have been determined by the trial court earlier; i.e., whether appellant waived his Miranda rights. Given appellant’s claimed intoxication, requiring such inquiry is not an academic exercise to fulfill some formality requirement. Instead, it comports with the following principles and procedure set forth in United States v. Davidson, 768 F.2d 1266 (11th Cir.), reh’g denied, 774 F.2d 1179 (1985):
An accused is deprived of due process if his conviction rests wholly or partially upon an involuntary confession, even if the statement is true, and even if there is ample independent evidence of guilt. Jackson v. Denno, 378 U.S. 368, 376, 84 S.Ct. 1774, 1780, 12 L.Ed.2d 908 (1964); Martinez v. Estelle, 612 F.2d 173, 176-77 (5th Cir.1980). In view of this, the Supreme Court in Jackson v. Denno held that a defendant has a constitutional right to a fair hearing and an independent and reliable determination of the voluntariness of a confession before the confession is allowed to be heard by the guilt determining jury.[1] Jackson, 378 U.S. at 376-77, 84 S.Ct. at 1780-81; see Martinez, 612 F.2d at 177. Such a Jackson v. Denno hearing is constitutionally mandated for a defendant who timely urges that his confession is inadmissible because not voluntarily given. Smith v. Estelle, 527 F.2d 430, 431 n. 3 (5th Cir.1976). The voluntariness hearing “must afford the defendant an opportunity to testify regarding the inculpatory statement out of the jury’s presence without prejudice to his right not to take the stand in his defense.” Jarrell v. Balkcorn, 735 F.2d 1242, 1252-53 (11th Cir.1984). Finally, a judge’s conclusion that the confession is voluntary “must appear from the record with unmistakeable clarity.” Sims v. Georgia, 385 U.S. 538, 544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593 (1967).
The proper remedy for erroneously failing to hold a Jackson v. Denno hearing is to remand to the trial court for a post trial hearing on the issue of volun-tariness: if the confession is found voluntary, the conviction stands; if the confession is found to be involuntary the accused is entitled to a new trial without the confession’s being admitted in evidence. Jackson, 378 U.S. at 394, 84 S.Ct. at 1790; Martinez, 612 F.2d at 177. However, an appellant is not entitled to this remedy unless he can show “that his version of events, if true, would require the conclusion that his confession was involuntary;” i.e., he must allege facts which would, if proven true, indicate the involuntariness of his confession. Procunier v. Atchley, 400 U.S. 446, 451, 91 S.Ct. 485, 488, 27 L.Ed.2d 524 (1971); Martinez, 612 F.2d at 180.
Id. at 1269-70.

. 18 U.S.C. § 3501(a) codifies the Jackson v. Denno requirement for criminal prosecutions brought by the United States. That section provides that before a confession or self-incriminating statement is received in evidence "the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness.”