**Billy James PARSON, II, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 9559.**

United States Court of Appeals
Tenth Circuit.

Jan. 18, 1968.

Thomas M. Thompson, Albuquerque, N. M., for appellant.

4. See note 3, supra.

John A. Babington, Asst. U. S. Atty. (John Quinn, U. S. Atty., with him on the brief), for appellee.

Before HILL and SETH, Circuit Judges, and DOYLE, District Judge.

SETH, Circuit Judge.

The appellant, Billy Parson, and Stanley Staniewicz were indicted for transporting a stolen vehicle in interstate commerce from Chickasha, Oklahoma, to Santa Rosa, New Mexico, knowing it to have been stolen. Both were tried and convicted by a jury, but only Billy Parson has taken this appeal. As ground for reversal, appellant urges that certain oral statements made to police officers were improperly admitted in evidence at the trial.

The record shows that the car in question was reported to have been stolen from Chickasha, Oklahoma, in the early morning hours. The appellant and his codefendant were found sitting in the car, which was out of gas, in Santa Rosa, New Mexico. The sheriff there had received a report from a store that two strangers had tried to cash a check on a local bank, and was directed to where the defendants were parked. The sheriff took the defendants to his office, learned they were AWOL from Fort Sill, Oklahoma, and held them for military authorities which he notified. The sheriff wanted to move the car in question off the street to put it in storage. A key found in the personal effects of the appellant would not unlock the car doors nor fit the ignition. The ignition switch was the kind that if left unlocked could be turned on and off without a key. When the sheriff could not move the car he told appellant's codefendant that the key would not work, and told him that they were giving him the "runaround" about the key. Then the codefendant told the sheriff that he and appellant had stolen the car and appellant confirmed it. The sheriff told them he would not talk to them about the theft, and that an FBI agent would do so. The sheriff testified that until the defendants told him the car was stolen he believed their previous story that the car had been bought by them for $900, and had no reason to think the car was stolen.

At the trial both defendants testified that they bought the car for $250 from two men in Oklahoma City at three o'clock in the morning. The appellant testified that they gave him a handwritten bill of sale, but it was not produced at the trial.

Appellant here urges that the statements that they had stolen the car were inadmissible because the attorney for the Government erred in eliciting the testimony of the alleged admission contrary to a stipulation between the attorneys. The gist of this argument is that appellant was "surprised" by the testimony of this admission, and had he known that such testimony was to be introduced he would have moved for a preliminary hearing to determine the constitutionality of such admission. The record however shows that appellant knew of the statements, and there is no indication from the record that there was ever any agreement not to use them. The counsel for the Government denies that there was an agreement although he does admit that he told opposing counsel that he did not intend to use the statements. Notwithstanding this fact, when the Government sought to introduce the admissions after the defendants had testified, appellant did not object to their admission for the reason that they were involuntary or that he was surprised by their admission, but rather he objected that the Government had not laid a proper foundation for their introduction. The trial court brought up the question as to whether the admissions were voluntary, and it later determined that they were. Appellant's counsel, however, made no further objection.

■■ The disposition of this case in reality turns on the question of whether the statements were inadmissible for the reason that they abridge the privilege against self-incrimination. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), of course, defines the permissible scope of such ad-

missions. The Court in Miranda held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way, unless it demonstrates the use of procedural safeguards effective to secure the fifth amendment privilege against self-incrimination. The thrust of the prohibition is aimed at statements elicited during an in custodial interrogation. However, volunteered statements are not barred by the fifth amendment and their admissibility is not affected. Miranda v. State of Arizona, supra; Stone v. United States, November 15, 1967, 385 F.2d 713 (10th Cir.).

It is clear that previous to the statements in question the sheriff did not warn these defendants of their constitutional rights. However it is relevant to the inquiry as to whether they were the product of custodial interrogation to note that the defendants were then being held pending the arrival of the military authorities, and not for interstate transportation of a stolen vehicle. Although Staniewicz made the statement while alone with the sheriff in his office, the facts show that the sheriff was not interrogating the defendant about the crime in question and that the defendant volunteered the statement. The sheriff made an inquiry about the key to the car because he felt it necessary to remove the car from the street and into storage. The statements were apparently in response only to this inquiry. Further, it appears that the sheriff until that time had accepted appellant's story that the car had been purchased in Oklahoma, and he did not otherwise know that the car was stolen. The statement to the effect that the car was stolen was not responsive to the inquiry about the key and was completely voluntary. Miranda v. State of Arizona, supra, does not prohibit such voluntary statements. Stone v. United States, supra. It further appears from the record that upon hearing the statement, the sheriff told Staniewicz that he must talk to the FBI about that and would not talk to him further about it.

Affirmed.