James Melvin LUCAS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21951.

United States Court of Appeals Ninth Circuit.

March 13, 1969.

Pano Stephens (argued), San Francisco, Cal., for appellant.

Morton Sitver (argued), Asst. U. S. Atty., Edward E. Davis, U. S. Atty., Phoenix, Ariz., for appellee.

Before HAMLEY and HAMLIN, Circuit Judges and PLUMMER,* District Judge.

PLUMMER, District Judge:

James Melvin Lucas was convicted by a jury in the United States District Court for the District of Arizona on two charges of passing counterfeit obligations of the United States in violation of 18 U.S.C.A. § 472. A timely appeal was taken to this court which has jurisdiction under 28 U.S.C. § 1291.

The question presented by this appeal is whether statements made to law enforcement officers and admitted into evidence against appellant were obtained during custodial Interrogation in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

On the evening in question, appellant paid for drinks at JD's night club in Scottsdale with a counterfeit twenty dollar bill. The manager, Kenneth Thomson, called the Federal Bureau of Investigation and then the Sheriff's Office. In response to his call, Arthur C. Felix, a Maricopa County Deputy Sheriff, went to JD's night club.

Upon his arrival, he saw appellant in the company of Deputy Sheriff Wellington and Mr. Deskin. Shortly thereafter, they were joined by Kenneth Thomson, Deputy Bray and Deputy Moreno in the parking lot at the south side of the night club. The latter two deputies arrived while Deputy Felix was talking to appellant. Appellant asked Deputy Felix if he was under arrest and Felix told him that he was not.

Deputy Felix asked him how he had come into possession of the twenty dollar bill. Appellant hesitated in giving his answer but told him he wasn't sure that he had passed the bill. He then told him that he had won it in a pool game that evening. Deputy Bray asked appellant if he would give them a statement as to how he obtained the twenty dollar bill. Appellant said that he would give a handwritten statement and agreed to accompany them to the Sheriff's Office. He asked if he could lock his car. He did so and they left the parking lot.

In Miranda v. Arizona, supra, p. 444, 86 S.Ct. p. 1612, the Supreme Court stated:

"(T)he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."

■ Non-custodial interrogation does not violate the ruling of Miranda. Arnold v. United States, 382 F.2d 4, 7 (9th Cir. 1967); Clark v. United States, 400 F.2d 83, 84 (9th Cir. 1968).

■ The language of Miranda makes it clear that there must be some form of detention, some type of in-custody situation before the necessary Constitutional warnings must be given. There is nothing in the record to indicate in this case that appellant had been taken into custody or otherwise deprived of his freedom of action in any significant way. There is nothing to indicate that appellant disbelieved Deputy Felix when he told him he was not under arrest. Thereafter, there was no outward manifestation by defendant's words or conduct to suggest that he considered himself detained or in custody.

Appellant's statements to Deputy Felix were properly admitted into evidence. The conviction is affirmed.

* The Honorable Raymond E. Plummer, United States District Judge for the District of Alaska.