Kenneth Jordan **BROWN**, Petitioner-Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections and State of Texas, Respondent-Appellee.

No. 30396.

United States Court of Appeals,
Fifth Circuit.

March 1, 1971.

Carl E. F. Dally, Joe C. Shaffer, Briscoe, Dally & Shaffer, Houston, Tex., for petitioner-appellant.

Crawford Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Glenn R. Brown, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GOLDBERG and DYER, Circuit Judges, and GROOMS, District Judge.

PER CURIAM:

Brown was found guilty of possession of heroin by a state court jury. In support of his petition for a writ of habeas corpus in the District Court, he alleges that the heroin introduced in the state trial was obtained pursuant to two search warrants supported by affidavits which on their face failed to show probable cause. Brown also alleges that he was not advised of his constitutional rights as required by Miranda v. Arizona, 1965, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, but that, nevertheless, an incriminatory statement made by him to police officers while he was under interrogation and in custody was admitted by the trial judge. Without an evidentiary hearing, the District Court held the affidavits sufficient and the search warrants valid, but made no disposition of Brown's *Miranda* contention. While we agree with the District Court that the affidavits were sufficient, we must vacate the order entered below and remand the case for a determination of the admissibility *vel non* of the statement made by Brown to the officers at the time of his arrest.

■ Except for the name of the occupant, date, address of the place to be searched and the time of surveillance, Brown concedes that the affidavits in this case are identical to those considered by this court in Gonzales v. Beto, 5 Cir. 1970, 425 F.2d 963, and Acosta v. Beto, 5 Cir. 1970, 425 F.2d 963. Succinctly stated, Brown submits that these decisions are wrong and should be overruled. We decline to do so.

■ We cannot pass upon Brown's *Miranda* contention because the District

Court failed to do so. This issue, however, was raised below. In Dr. Beto's Motion to Dismiss and Answer, it is alleged:

Petitioner [Brown] in the instant application advances the following allegations:

\* \* \* \* \* \*

(6) Statement by Petitioner, "It's heroin. You have got me this time," constituted an incriminating admission, while under arrest and made before being advised of his rights.

The application does state facts which, if true and not waived, might entitled (sic) Petitioner to relief. However, Respondent denies each and every allegation as untrue.

This unresolved issue must go back to the District Court for determination either by an evidentiary hearing or by a consideration of the State Court record or both. *See* Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

Vacated and remanded.