Kenneth Jordan BROWN, Petitioner-
Appellee,

v.

Dr. George J. BETO, Director, Texas De-
partment of Corrections, Respondent-
Appellant.

No. 72-1405.

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1972.

Rehearing and Rehearing En Banc
Denied Dec. 11, 1972.

Crawford C. Martin, Atty. Gen. of Texas, Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Joe C. Shaffer, Houston, Tex., for petitioner-appellee.

Before GEWIN, THORNBERRY and CLARK, Circuit Judges.

GEWIN, Circuit Judge:

At approximately 9:15 p. m. on the evening of March 11, 1966, nine Houston police officers, carrying a valid search warrant and firearms, entered a downtown drugstore of which Kenneth Jordan Brown was the manager. The warrant authorized a search for narcotics, and the affidavit upon which it was issued named Brown as the possessor of the suspected contraband. The doors of the store were closed, and Brown was summoned from a back room, where he had been lying down, to witness the officers as they searched the premises. After the store had been carefully searched for a period of 30 to 45 minutes, one of the officers discovered a brown paper sack under a display counter which contained two plastic bags filled with a substance later determined to be heroin. As the officer raised the sack from its place of concealment, he exhibited it to Brown and asked him "What is this?" Brown replied: "It's heroin. You've got me this time."

Although Brown had not received the *Miranda* warnings before making this damning statement, it was admitted as evidence against him at his state court trial for possession of heroin.[1] Brown was convicted and sentenced to 99 years imprisonment. He subsequently exhausted all state remedies available to him for challenging its admission.[2] He then petitioned the district court for a writ of habeas corpus. After a full evidentiary hearing at which the previously recited facts were developed, the writ was granted on the ground that the incriminating statement was inadmissible because at the time it was made Brown was "in custody" and hence was entitled to the protection afforded by *Miranda*. The State of Texas has appealed from the judgment of the district court granting the writ.[3] We affirm.

---

1. The search in question occurred prior to the *Miranda* decision rendered on June 13, 1966, but Brown's trial was held sometime after that decision. In Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) the Supreme Court held that *Miranda* applied to all cases in which trial began after the *Miranda* decision was announced. *See also* Sanchez v. Beto, 467 F.2d 513 (5th Cir. 1972) [1972] in which this court concluded:

   Even though the confession was made May 4, 1966, five weeks before the date *Miranda* was decided, which was June 13, 1966, the decision applies because Sanchez's trial commenced April 10, 1967, well after the date of the decision. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

2. Brown's conviction was affirmed by the Texas Court of Criminal Appeals, Brown v. State, 437 S.W.2d 828 (Tex.Cr.App. 1968). Certiorari was denied by the Supreme Court, 393 U.S. 1089, 89 S.Ct. 850, 21 L.Ed.2d 782 (1969). Brown sought habeas corpus relief in the Texas courts without success.

3. Actually this is the second time this case has been before us. The district court initially denied the writ on a different ground. Brown appealed, and, though we affirmed the district court's ruling on that ground, we remanded for a determination of the confession issue which the district court had not orig-

██ Before law enforcement officers can subject a citizen to custodial interrogation, he must first have been given the *Miranda* warnings. In *Miranda* "custodial interrogation" was defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."[4] This court has yet to formulate a general rule for distinguishing custodial from non-custodial interrogation but instead has preferred to take a case-by-case approach.[5] It has been made clear that the simple fact that interrogation takes place in the familiar surroundings of the defendant's home or place of business rather than in the police station does not necessarily mean that the defendant is not being subjected to custodial interrogation.[6] In making the distinction between custodial and non-custodial interrogation this court has singled out certain criteria as having special significance; these include probable cause to arrest, subjective intent of the police, subjective belief of the defendant, and focus of the investigation.[7] Although none of these factors is alone determinative, we have recently indicated that the most compelling is whether or not the focus of the investigation has finally centered on the defendant.[8]

██ Evaluating the present case in light of the foregoing discussion, we find that Brown was in custody when he made the incriminating statement in question.[9] At that moment the focus of the investigation was clearly centered on Brown. The police had arrived at the drugstore with a search warrant which was supported by an affidavit naming Brown as the possessor of suspected contraband. They immediately summoned Brown from the back of the store to witness a painstaking search of the premises. From these facts it can readily be inferred that the police had intended to catch Brown "red-handed." Furthermore it must have appeared to Brown that he was not free to go at any time. Jarred from a position of repose, Brown was confronted with nine armed

inally considered. Brown v. Beto, 439 F.2d 259 (5th Cir. 1971). The decision of the district court after remand is reported as Brown v. Beto, 338 F.Supp. 1358 (S.D.Texas 1971).

4. Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966).

5. *See* United States v. Phelps, 443 F.2d 246 (5th Cir. 1971); United States v. Akin, 435 F.2d 1011 (5th Cir. 1970); United States v. Montos, 421 F.2d 215 (5th Cir. 1970); and Windsor v. United States, 389 F.2d 530 (5th Cir. 1968).

6. Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969) and United States v. Phelps, *supra* note 5.

7. United States v. Phelps, *supra* note 5, 443 F.2d at 247.

8. *Ibid.*

9. It should be observed, as found by the district court, that the state trial judge not only found that Brown was in custody at the time of the alleged confession but further concluded that he was under arrest. Accordingly, the state trial judge sustained Brown's objection to the introduction of the incriminating statement. It does not appear that this ruling was ever changed but Brown's statement was ultimately admitted into evidence. It is not entirely clear why it was finally admitted, although it might have been considered *res gestae.* Moreover, the Court of Criminal Appeals of Texas concluded that Brown (and other employees) "were placed near each other in the center of the store" and the question asked was found to have been directed to Brown. The following is from the opinion of the Court of Criminal Appeals of Texas:

They [police] proceeded to the rear of the store where they found appellant resting on a cot or bench. He and the other employees were placed near each other in the center of the store. After some 45 minutes of searching a display case was raised and in a spot inaccessible except by raising the entire case, the searching officers found a brown paper bag. The officers who found the bag held it before them, and before looking into the same, asked appellant, "What is this?", to which appellant answered, "It is heroin, you have got me this time."

Brown v. State, *supra* note 2, 437 S.W.2d at 829–830.

officers who closed the doors of the store and obliged him to be present as they combed the premises. The district court properly ruled that in these threatening circumstances Brown should have been given the protection the *Miranda* warnings afford before being asked "What is this?" [10]

■ Implicitly recognizing the validity of the district court's approach, the State of Texas argues that the applicability of *Miranda* principles alone should not be conclusive and that instead we should review the entire record in this case to determine whether under the totality of the facts and circumstances disclosed by the record Brown's statement was voluntarily given. In effect Texas urges us to reincarnate the old due process standard of voluntariness for testing the admissibility of incriminating statements, a test that the Supreme Court intended to obviate with its decision in *Miranda*. Applying this test, though by no means adopting it, we still find Brown's statement inadmissible.

The situation in which Brown found himself on the evening of March 11, 1966 was obviously coercive. He had been resting in a back room of the store when he was unexpectedly summoned to the front where he found the doors closed and nine armed officers waiting for him. The police required him to watch while they engaged in a lengthy search of the premises. After 30 to 45 minutes and with the tension mounting, the brown paper sack was discovered, Brown was confronted with it, and he was asked "What is this?" He had not been warned of his right to remain silent and that any statement he did make could be used as evidence against him.

Although the issue presented is subject to valid contentions pro and con, we feel that Brown's answer to the question posed was not his "free and voluntary act." In making this determination we do not hesitate to recognize that the presentation and execution of a search warrant in the nighttime by a substantial number of police officers at premises in the possession and control of an individual is tinged with a certain amount of coercion. As Mr. Justice Stewart aptly stated in Bumper v. North Carolina.[11]

> When a law enforcement officer claims authority to search a home under a warrant he announces in effect that the occupant has no right to resist the search. The situation is instinct with coercion—albeit colorably lawful coercion. Where there is coercion there cannot be consent.

Considering all of the foregoing factors, we conclude that Brown's statement was more the product of the intimidating setting in which he found himself, a setting created by the police, than his own voluntary admission.

■ We are fully aware of the fact that federal courts are not commissioned to try state cases *de novo*. Our review is solely for the purpose of detecting violations of federal constitutional standards.[12] In reaching a decision we do not weigh the evidence nor do we consider "gossamer possibilities of prejudice to a defendant",[13] but we cannot close our eyes to the importance of serious constitutional challenges to evidence which has a substantial bearing on the issue of guilt or innocence. In short the relinquishment of a constitutional right should not be lightly inferred.

Thus the decision of the district court granting the writ must be affirmed, either on the ground that Brown was

10. *Compare* United States v. Phelps, *supra* note 5, and Windsor v. United States, *supra* note 5, *with* United States v. Montos, *supra* note 5, United States v. DeBose, 410 F.2d 1273 (6th Cir. 1969), and Lucas v. United States, 408 F.2d 835 (9th Cir. 1969).

11. 391 U.S. 543, 550, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797 (1968).

12. Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2178, 33 L.Ed.2d 1 (1972).

13. *See* Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934), approved in Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970).

in custody when he made the incriminating statement and so was entitled to the *Miranda* warnings or on the alternative ground that the statement was not voluntarily made. Under either alternative it should not have been admitted at Brown's trial. The state is granted 90 days from the date of the issuance of the mandate of this court or from the final disposition of the case by the Supreme Court in which to initiate a new trial of the appellant or to release him into the custody of federal authorities.[14]

Judgment affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

---

14. It appears that Brown is now in federal custody. See Brown v. Beto, 338 F.Supp. 1358, 1361, n. 4 (S.D.Tex.1971).