**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ernest Paul La MONICA, Defendant-Appellant.**

**No. 72–2296.**

United States Court of Appeals, Ninth Circuit.

Dec. 20, 1972.

John D. Burroughs (argued), Inverness, Cal., for defendant-appellant.

Ann Bowen, Asst. U. S. Atty. (argued), David Hoffman, Asst. U. S. Atty., William C. Smitherman, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before MERRILL and GOODWIN, Circuit Judges, and SKOPIL,* District Judge.

ALFRED T. GOODWIN Circuit Judge:

La Monica appeals from a conviction for possession and importation of a controlled substance in violation of 21 U.S. C. §§ 841(a), 952(a). The only substantial issue is whether the district court erred when it permitted the jury to hear La Monica's answer to a question pro-

* The Honorable Otto R. Skopil, Jr., United States District Judge for the District of Oregon, sitting by designation.

pounded by a customs officer after La Monica had indicated that he had an attorney.

La Monica was the only passenger in a four-place Cessna aircraft loaded with 170 pounds of Mexican marijuana. The plane had been trailed from the border by customs officers, and La Monica and the pilot were arrested immediately upon landing in Arizona.

Resolving ambiguities in the record most favorably to La Monica, it appears that La Monica was advised of his rights when he was arrested, and that he promptly told the arresting officers that he did not wish to discuss the case in the absence of his attorney. In accordance with proper practice, the officers asked La Monica no further questions, but took him to their offices for a routine inventory of his personal possessions. When the agent compiling the inventory encountered a slip of paper appearing to be a receipt for attorney's fees, he asked, "What does this mean?" For a statement of La Monica's response, we quote from the trial record:

"Q. What did Mr. La Monica say at that time?

A. Mr. La Monica said that he paid John Burroughs five hundred dollars before he left California, and Burroughs was an attorney.

Q. Did he indicate why he paid Mr. Burroughs?

A. Yes, he said 'Yes, just in case anything went wrong on the trip.'"

At trial, La Monica objected to the use of the quoted statement on the ground that it was obtained through illegal questioning in violation of his right to counsel.

On appeal, La Monica has refined his challenge, and now contends that Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), compels reversal. While the briefs dwell at length on the procedural environment in which objections were made and ruled upon, the fundamental question is whether the court erred in receiving the evidence. If the incriminating statement was produced by impermissible police practices, its reception into evidence was error.

We conclude that there was no error. This is not a case in which a suspect was interrogated for the purpose of eliciting an incriminating statement. La Monica was not deliberately isolated from counsel in an attempt to obtain his confession. *Cf.* Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) ; Taylor v. Elliott, 458 F.2d 979 (5th Cir.), cert. denied, 409 U.S. 885, 93 S.Ct. 117, 34 L.Ed.2d 142 (1972). He was not pressed with persistent or coercive interrogation. *Cf.* California v. Stewart (companion case to Miranda v. Arizona), 384 U.S. at 497, 86 S.Ct. 1602. Law enforcement officials did not resort to guile or trickery to induce a confession. *Cf.* People v. Miller, 245 Cal.App. 2d 112, 53 Cal.Rptr. 720 (1966), cert. dismissed as improvidently granted, 392 U.S. 616, 88 S.Ct. 2258, 20 L.Ed.2d 1332 (1968).

The customs agents scrupulously refrained from attempting to cause La Monica to incriminate himself. After La Monica had been advised of his rights and had indicated a desire to have his attorney present, the officers made no effort to question him about the contraband. The officer who asked La Monic about the receipt was not seeking evidence but was trying to identify and inventory La Monica's personal effects. Under these circumstances, we hold that neither the privilege against self-incrimination nor the right to counsel was offended when La Monica volunteered a statement that revealed planning and foreknowledge about his flight from Mexico. The Fifth and Sixth Amendments are intended to protect the individual from governmental overreaching. There was no such overreaching in this case.

Affirmed.