Burley Clifton HARRYMAN,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 78–2459.

United States Court of Appeals,
Fifth Circuit.

June 25, 1979.

Michael Anthony Maness, Houston, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Douglas M. Becker, David M. Kendall, Jr., Joe B. Dibrell, Jr., Randy E. Drewett, Barbara M. Barron, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before COLEMAN, GODBOLD and IN-GRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

This habeas corpus appeal arose out of a state trial court's failure to apply the prophylactic rule of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), to admissions regarding the contents of a condom. The district court denied

habeas relief on the ground that the *Miranda* violation was harmless constitutional error. We reverse and remand to the district court with instructions to grant the writ.

In late August 1972, petitioner Burley Clifton Harryman checked into the Oak Cliff Travel Lodge in Dallas, Texas, under an assumed name, Chuck Walker. On the evening of September 7, 1972, after petitioner had failed to pay rent for eight consecutive days, Miss Sandra Wood, Assistant Manager of the Lodge, entered petitioner's room in his absence to remove his personal belongings. Upon discovering a high-powered rifle with a telescopic sight and a syringe, Miss Wood called the police. The police officers inspected the room and confiscated the rifle, syringe and several spoons which were burned on the bottom.

At approximately 4:30 A.M. on the following day, September 8, 1972, Miss Wood called the police again to inform them that petitioner had returned to the Lodge. Officers Jerry Raz and T. W. Conway of the Dallas Police Department were dispatched to the Lodge to arrest the petitioner for suspected burglary. In searching petitioner, Officer Conway discovered a condom containing a powdered substance concealed under the waist band of his trousers. Rather than recite the *Miranda* warnings, Officer Conway asked petitioner: "What is this?" Petitioner responded: "Oh, you know what it is. It is heroin."

At petitioner's trial for knowing or intentional possession of heroin,[1] defense counsel filed a motion to suppress petitioner's incriminating statement, on grounds that the statement was the fruit of an unlawful search and violated the *Miranda* rule.[2] The trial court denied the motion, holding the statement admissible as the *res gestae* of the offense under Tex.Code Crim.Proc. art. 38.22, § 1(f) (1967) [current version at Tex. Code Crim.Proc. art 38.22 § 5 (1979)].[3] Officers Raz and Conway testified to petitioner's incriminating statement. The prosecutor adverted to the admission three times in closing argument.

The contraband itself was also introduced into evidence. Various employees of the Dallas Police Department testified that the powder admitted into evidence was the same powder that was in petitioner's condom and the same powder that was analyzed by the Criminal Investigation Lab.[4] A police chemist testified that a laboratory analysis of the powder revealed heroin, morphine and procaine.

The jury returned a guilty verdict and sentenced petitioner as a habitual offender to life imprisonment. The Texas Court of Criminal Appeals affirmed the conviction. *Harryman v. State*, 522 S.W.2d 512 (Tex.Cr. App.1975).

On June 7, 1976, petitioner filed an application for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (1976), alleging that the *Miranda* violation rendered his conviction void. In reliance upon the findings, conclusions and recommendation of the magistrate, the district court, on June 2, 1978, entered a memorandum opinion denying habeas relief. The court conceded that petitioner's constitutional rights were abridged by the admission into evidence of petition-

---

1. Unlawful possession of heroin was a violation of article 725f of the former Texas Penal Code. In 1973, the Texas Legislature transferred this provision to the Texas Controlled Substances Act, 12C Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.04 (1976).

2. The state's argument that petitioner waived the *Miranda* error at trial is, therefore, frivolous.

3. Art. 38.22, § 1(f) of the former Texas Code of Criminal Procedure provided:

    Nothing contained herein shall preclude the admissibility of any statement made by the defendant in open court at his trial or at his examining trial in compliance with Articles 16.03 and 16.04 or of any statement that is the *res gestae* of the arrest or of the offense.

4. Through cross-examination, defense counsel attempted to cast doubt on the chain of custody of the heroin. Miss Mary Peck, supervisor of the evidence room at the Crime Scene Search Section of the Dallas Police Department, testified that she had failed to mark the evidence upon receipt and was unable to recall the dates on which the condom was received by her and transferred to the lab. She further testified that other police personnel had access to the evidence room.

er's incriminating statement elicited during custodial interrogation without the protection of the *Miranda* warnings. Nonetheless, the court concluded that the *Miranda* violation was a harmless constitutional error, because other evidence established that the condom found on petitioner contained heroin.

Since the state does not dispute the district court's holding that introduction into evidence of the incriminating statement was a constitutional error, the sole issue is whether the constitutional error was harmless.[5] A constitutional error is harmless, if there is no "reasonable possibility that the evidence complained of might have contributed to the conviction." *Fahy v. Connecticut*, 375 U.S. 85, 86–87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171 (1963). The test is not "whether there was sufficient evidence on which the petitioner could have been convicted without the evidence complained of," *id.*, but whether the evidence complained of may have influenced the factfinder's deliberations, *see Harrington v. California*, 395 U.S. 250, 254, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). The beneficiary of the error, the government, bears the burden of proving beyond a reasonable doubt that such a possibility is excluded. *Zilka v. Estelle*, 529 F.2d 388, 390 (5th Cir. 1976); *Vaccaro v. United States*, 461 F.2d 626, 637–38 (5th Cir. 1972); *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The state insists that the instant case is controlled by our prior decisions holding that *Miranda* violations were harmless errors in bench trials, *e. g., United States v. Hill*, 430 F.2d 129 (5th Cir. 1970), and *Null v. Wainwright*, 508 F.2d 340 (5th Cir. 1975). However, jury trials are subject to greater scrutiny for harmless constitutional error than bench trials. "Strict eviden[ce] rules of admissibility are generally relaxed in bench trials, as appellate courts assume that trial judges rely upon properly admitted and relevant evidence." *Id.* at 344.

Likewise, the state places undue reliance upon cases in which lawfully admitted confessions rendered constitutional errors harmless, *e. g., Milton v. Wainwright*, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972), and *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). This line of cases is inapposite, because the lawfully admitted confessions corroborated by other evidence provided overwhelming evidence of the defendant's guilt, negating the possibility that the constitutional error contributed to the conviction. *Milton*, 407 U.S. at 377, 92 S.Ct. 2174; *Schneble*, 405 U.S. at 430, 92 S.Ct. 1056.

Where a valid confession is not offered, however, an unlawful confession may be so persuasive that it negates the possibility of harmless error. Such is the teaching of *United States v. Hernandez*, 574 F.2d 1362, 1372 (5th Cir. 1978). Hernandez was convicted by a jury of knowing or intentional possession of marijuana in violation of 21 U.S.C. § 841(a)(1) (1976). At Hernandez's trial, the prosecution admitted into evidence the defendant's confession that he had been hired to drive a truckload of marijuana. The district court erred in denying defense counsel's motion to suppress the confession, because the confession was elicited after the recitation of *Miranda* warnings and the suspect's invocation of the *Miranda* rights to remain silent and receive the advice of counsel. Although the prosecution also admitted samples of the marijuana found in the truck and a chemist's testimony that the substance was indeed marijuana, we held that the constitutional error in admitting the unlawful confession was not harmless. The court reasoned:

> Because these statements carried extreme probative weight in relation to the

---

5. There are some constitutional errors which can never be harmless, including the admission into evidence of coerced confessions. *Chapman v. California*, 386 U.S. 18, 23 n.8, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See Smith v. Estelle*, 527 F.2d 430, 433 (5th Cir. 1976); *Alberti v. Estelle*, 524 F.2d 1265, 1268 (5th Cir. 1975); *Brown v. Beto*, 468 F.2d 1284, 1285 (5th Cir. 1972). However, the harmless error rule does apply to the admission of unlawful though uncoerced confessions. *Id.*

crimes for which Hernandez was convicted, we cannot find their admission to be harmless beyond a reasonable doubt. Although there appears to be an ample basis to sustain the conviction, we recognize that these incriminating statements may have represented overpowering, inescapable evidence for the jury.

*Id.* at 1372 (footnote omitted).

■ The instant case is controlled by *Hernandez.* Petitioner's incriminating admission that the condom contained heroin was of high probative value in establishing that his possession was "knowing or intentional." *Cf. Null v. Wainwright,* 508 F.2d at 344. In view of the potential impact of the prosecution's repetition of the admission in closing argument, petitioner's statement "may have represented overpowering, inescapable evidence for the jury." *Hernandez,* 574 F.2d at 1372. The state has not proven beyond a reasonable doubt the absence of a "reasonable possibility that the evidence complained of might have contributed to the conviction." *Fahy v. Connecticut,* 375 U.S. at 86–87, 84 S.Ct. at 230.

We hold that the state trial court's admission into evidence of an unlawfully obtained incriminating statement was not harmless constitutional error, given the possible impact of the statement upon the jury. Accordingly, we reverse the decision of the district court and remand with instructions to grant petitioner's application for the writ of habeas corpus.

REVERSED and REMANDED.

COLEMAN, Circuit Judge, dissenting.

This is another in that great host of cases in which the federal courts have seen fit to exercise their jurisdiction to invalidate an outstanding, unreversed state court conviction on what is conceived to be federal grounds.

I am firmly convinced that federal intervention in this case is unwarranted and I respectfully dissent from the reasoning and the result reached by my esteemed Brethren in the majority opinion.

As that opinion indicates, the innkeeper notified the police that she had seen a high-powered rifle with a telescopic sight and a syringe in Harryman's room. The police officers inspected the room and confiscated the rifle, syringe, and several spoons which had been burned on the bottom, a dead give-away as to what they had been used for.

The next day, when Harryman returned to the lodge, the police were again called and thereafter arrested him for suspected burglary. While searching him, the powdered substance, in its unusual container, was found concealed under the waistband of his trousers. Upon this discovery, the officer asked Harryman, "What is this"? Harryman responded, "Oh, you know what it is. It is heroin".

The substance in the containers indeed was heroin—mixed with morphine and procaine. No doubt about it. The nature of it was confirmed by laboratory analysis. Moreover, the officers had it in their possession from the moment they found it and what Harryman said added not one jot or tittle to the unavoidable fact. This is reminiscent of the argument I once heard a distinguished lawyer make—"witnesses may lie, but physical facts cannot lie".

I dissent on two grounds. First, the admission of Harryman's incriminating statement, under the circumstances in which it was made, is not proscribed by *Miranda v. Arizona,* 384 U.S. 436 (1966).[1] Second, even if a *Miranda* error were present, it was harmless beyond a reasonable doubt.

The *Miranda* doctrine does not erect an absolute barrier against all custodial questioning unpreceded by warnings of basic constitutional rights and a waiver of such rights. This Circuit, and others, have recognized a distinction between investigative and non-investigative questioning for purposes of determining whether the *Miranda* rule applies.[2]

1. 86 S.Ct. 1602, 16 L.Ed.2d 694.

2. *United States v. Prewitt,* 7 Cir., 1977, 553 F.2d 1082, 1085, 1086, *cert. denied,* 434 U.S.

For example, non-investigative questioning of detainees, such as biographical inquiries, has been found not to be subject to the *Miranda* rule. *United States v. Prewitt, supra,* 7 Cir., 1977, 553 F.2d at 1085–1086; *see also Jackson v. United States,* 5 Cir., 1965, 344 F.2d 700, 701; *United States ex rel. Hines v. LaVallee, supra,* 2 Cir., 1975, 521 F.2d at 1113; *United States v. Grant, supra,* 4 Cir., 1977, 549 F.2d at 946, 947; *Farley v. United States, supra,* 5 Cir., 1967, 381 F.2d at 358; *Morrison v. United States, supra,* 8 Cir., 1973, 491 F.2d at 346, 347.

Other inquiries, although not directed at such a seemingly innocuous subject as the detainees' identification and background, also have been found to be without the reach of the *Miranda* rule where the manifest purpose of such inquiries was *of a non-investigative* nature. On this basis, a precautionary inquiry concerning weapons,[3] as well as inquiries concerning the identification of personal effects found on the detainees,[4] have been found not to be proscribed by *Miranda.*

In *United States v. Castellana,* 5 Cir., 1974, 500 F.2d 325, we found the question involved—"whether he had any weapons within reach"—to be non-investigative although this was not facially apparent. The inquiry was limited to the law enforcement official's primary concern, safety. Moreover, we found that "[N]o rational investigatory purpose could have prompted such a question" when the agents were "already authorized to, intended to, and did search", *Id.* at 326. Similarly, in *Parson v. United States,* 10 Cir., 1968, 387 F.2d 944, no *Miranda* violation was found when a sheriff accused the detainees of "giving him the 'run-around' about the key" found among the detainees' personal effects, and was informed, in response, that the car was stolen, *Id.* at 946. The *Parson* Court observed that there was a legitimate non-investigative purpose for the inquiry and, further, that, among other factors, it was "relevant" that the detainees were being held for an offense other than that involving a stolen vehicle.

For similar reasons, I would hold that the inquiry in question here—"What is this"?— is not prohibited by either the spirit or the letter of *Miranda.* First, a non-investigatory purpose was present. During the course of conducting a safety search to uncover any hidden weapons, the police discovered a "condom tied in a knot and there were several others inside of that one, smaller ones inside of the larger one". It is no assault on either common knowledge or human experience to suggest that men do not ordinarily go around carrying contraceptives stuffed with other contraceptives, mixed with power. It requires no great amount of imagination to understand the reflex reaction of a police officer when he unexpectedly encountered such an unusual package—what on earth is this mess? The officer conducting the search reacted in a spontaneous and natural manner. This is especially true when it is recalled that Harryman was not being detained for a drug related offense but for suspected burglary.

Second, "[N]o rational investigatory purpose could have prompted such a question" when the police officer had the object in his hands and there was absolutely nothing to indicate that he could have been kept from finding out for himself what the package actually contained.

---

840, 98 S.Ct. 135, 54 L.Ed.2d 104 (1977); *United States v. Grant,* 4 Cir., 1977, 549 F.2d 942, 946, 947, *cert. denied,* 432 U.S. 908, 97 S.Ct. 2955, 53 L.Ed.2d 1081 (1976); *United States ex rel. Hines v. LaVallee,* 2 Cir., 1975, 521 F.2d 1109, 1113, *cert. denied,* 423 U.S. 1090, 96 S.Ct. 884, 47 L.Ed.2d 101 (1976); *United States v. Castellana,* 5 Cir., 1974, 500 F.2d 325, 326, 327; *United States v. Menichino,* 5 Cir., 1974, 497 F.2d 935, 940, 941; *Morrison v. United States,* 8 Cir., 1973, 491 F.2d 344, 346, 347; *United States v. La Monica,* 9 Cir., 1972, 472 F.2d 580, 581; *Parson v. United States,* 10 Cir., 1968, 387

F.2d 944, 946; *Farley v. United States,* 5 Cir., 1967, 381 F.2d 357, 358, *cert. denied,* 389 U.S. 942, 88 S.Ct. 303, 19 L.Ed.2d 295 (1967). *Contra Proctor v. United States,* 1969, 131 U.S.App. D.C. 241, 242, 404 F.2d 819, 820.

3. *United States v. Castellana,* 5 Cir., 1974, 500 F.2d at 326, 327.

4. *United States v. La Monica,* 9 Cir., 1972, 472 F.2d at 581; *Parson v. United States,* 10 Cir., 1968, 387 F.2d at 946.

Even if we should assume, however, that the trial court erred in admitting Harryman's statement, identifying the substance as heroin, I am altogether confident that the error was harmless beyond a reasonable doubt. In *Chapman v. California*, 386 U.S. 18, 24 (1967),[5] the Court reaffirmed the harmless error test of whether there is no "reasonable possibility that the evidence complained of might have contributed to the conviction". The cases are legion focusing on the presence of overwhelming evidence of guilt, absent the tainted evidence.[6]

The majority seeks to distinguish many of these "overwhelming evidence" cases on the ground that they involved a bench trial or that lawfully admitted confessions supplied the overwhelming evidence of guilt. With all due respect, the majority has not correctly applied the harmless error rule. For example, in both *United States v. Hill*, supra, 430 F.2d 129 and *Null v. Wainwright*, supra, 508 F.2d 340, cited in support of the majority position, we found overwhelming evidence of guilt based on non-confessional evidence, relying in part on the fact that a bench trial was involved. There was no intimation, however, that the result would have been different had the error been committed before a jury. On the contrary, in *Null* we examined the independent evidence of guilt at great length and, without reference to the fact that a bench trial was involved, concluded that "[I]n view of overwhelming evidence . . . court was amply justified in finding him guilty", 508

F.2d at 344. Only then did we take note of the special significance that attaches to a bench trial:

> Moreover, we note that the trial was held before the court sitting without a jury. . . . Appellate courts assume that trial judges rely upon properly admitted and relevant evidence.

It is clear from the context and the language used in the opinion that the presence of a bench trial was regarded as an additional, but not necessary, factor in the harmless error calculus.

Other than the coincidence that valid confessions were relied upon as establishing overwhelming evidence in *Milton v. Wainwright*, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972) and *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972), there is no support for the majority's characterization of those cases. Neither the *Milton* nor the *Schneble* Court suggested that a valid counterbalancing confession was necessary to a finding of overwhelming evidence.

Rather the majority here must assume that there is a necessary quality of reliability which inheres in a confession but not in other types of evidence. But, as the dissent in both *Milton* and *Schneble* quickly pointed out, lawful confessions also may be fraught with problems of unreliability.

Moreover, case law does not support the majority's lawful confession requirement.

---

**5.**   87 S.Ct. 824, 17 L.Ed.2d 705.

**6.**   *See, e. g., Halloway v. Arkansas*, 435 U.S. 475, 488, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); *Brown v. United States*, 411 U.S. 223, 231, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973); *Milton v. Wainwright*, 407 U.S. 371, 373, 373, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); *Schneble v. Florida*, 405 U.S. 427, 430, 431, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972); *Harrington v. California*, 395 U.S. 250, 253, 254, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *United States v. Haynes*, 5 Cir., 1978, 573 F.2d 236, 239, *cert. denied,* —— U.S. - - -, 99 S.Ct. 154, 58 L.Ed.2d 153; *United States v. Geders*, 5 Cir., 1978, 566 F.2d 1227, 1233, *cert. denied,* – · U.S. ————, 99 S.Ct. 2031, 60 L.Ed.2d 396; *United States v. Bynum*, 5 Cir., 1978, 566 F.2d 914, 926, *cert. denied,* —— U.S. - ·, -- - , 99 S.Ct. 129, 130, 58 L.Ed.2d 138; *Wright v. Estelle*, 5 Cir., 1977, 549 F.2d 971,

974, *aff'd rehearing,* 1978, 572 F.2d 1071, *cert. denied,* —— U.S. ——, 99 S.Ct. 617, 58 L.Ed.2d 680; *United States v. Ayo-Gonzalez*, 5 Cir., 1976, 536 F.2d 652, 656, *cert. denied,* 429 U.S. 1072, 97 S.Ct. 808, 50 L.Ed.2d 789 (1977); *Zilka v. Estelle*, 5 Cir., 1976, 529 F.2d 388, 392, *cert. denied,* 429 U.S. 981, 97 S.Ct. 495, 50 L.Ed.2d 590; *United States ex rel. Hines v. LaVallee*, supra, 2 Cir., 1975, 521 F.2d 1109, 1113, *cert. denied,* 423 U.S. 1090, 96 S.Ct. 884, 47 L.Ed.2d 101 (1976); *Smith v. Estelle*, 5 Cir., 1975, 519 F.2d 1267, 1268, 1269, *rehearing granted in part*, 527 F.2d 430, 433; *United States v. Gattie*, 5 Cir., 1975, 511 F.2d 608, 610; *Null v. Wainwright*, 5 Cir., 1975, 508 F.2d 340, 344, *cert. denied*, 421 U.S. 970, 95 S.Ct. 1964, 44 L.Ed.2d 459 (1975); *United States v. Blair*, 5 Cir., 1972, 470 F.2d 331, 338, 339.

The overwhelming evidence test has been applied even when a valid confession does not provide dispositive evidence of guilt. In *Harrington v. California, supra,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), the defendant's confession placed him at the scene of the crime but did not otherwise implicate him as a participant in the attempted robbery and first degree murder involved there. Overwhelming evidence was found, based on a lawfully admitted statement made by one of the co-defendants, the testimony of some victims, and Harrington's confession.

Although not dispositive of guilt, Harrington's confession did counterbalance the unconstitutionally admitted confession. In *United States v. Gattie, supra,* 5 Cir., 1975, 511 F.2d 608, overwhelming evidence was found even though the lawfully admitted confession was neither dispositive of guilt nor counterbalanced the erroneously admitted confession. Gattie was convicted by a jury of conspiracy to import and possess marijuana, importing marijuana and possession with intent to distribute. It was argued that the trial court erred in denying Gattie's mistrial motion after a government witness repeated Gattie's admission that the contraband was imported.[7] We found the error to be harmless because the evidence of guilt was "heavy indeed":

> The plane that he piloted was followed from sixty miles at sea to Boca Raton Airport and he was arrested at the scene with 400 pounds of what he admitted to be marijuana. *Id.* at 610.

The majority's lawful confession requirement is also contrary to other precedent. For example, in *United States v. LaVallee, supra,* the defendant, suspected of rape, advised the police, after his arrest but prior to receiving any *Miranda* warnings, that "he had been married eleven years and had two children". An identical statement had been made previously to the rape victim. Admission of Hines' statement to the police was held to be harmless error because of overwhelming evidence of guilt. This independent evidence consisted of the victim's identification testimony as well as her description of the rapist which led to Hines' arrest, corroborating medical testimony, Hines' apprehension in the vicinity of the attack and his use of a false alibi. There was no valid confession.

Finally, I find it significant that in numerous cases where this Circuit has found the admission of a voluntary confession to be reversible error, we have focused on the insufficiency of the independent evidence of guilt and not on the inherent necessity of a confession. See *United States v. Geders,* 5 Cir., 1978, 566 F.2d 1227, 1233 (independent evidence not "alone . . . sufficient to rebut" defense); *Smith v. Estelle,* 5 Cir., 1976, 527 F.2d 430, 433 (independent evidence "insufficient"), *granting rehearing in part,* 1975, 519 F.2d 1267, 1268, 1269; *United States v. Blair,* 5 Cir., 1972, 470 F.2d 331, 338, 339 (error provided "key link" in evidence), *cert. denied,* 411 U.S. 908, 93 S.Ct. 1536, 36 L.Ed.2d 197 (1973). Indeed, in *United States v. Hernandez,* 5 Cir., 1978, 574 F.2d 1362, a decision found by the majority to be controlling in the case *sub judice,* we found no harmless error reasoning, *inter alia,* that "there was little, if any, direct evidence connecting Hernandez with the truck or the contents", *Id.* at 1372.

In the present case, however, the defendant was found with the heroin concealed on his person. I can think of no evidence that would be more direct, compelling, and complete proof of guilt. The only theory of the defense concerned the chain of custody. The federal magistrate found this contention to be "completely unsupported by any factual allegation". The district court judge similarly concluded that the chain of custody was established beyond a reasonable doubt. The majority does not question this finding.

What happens here is that the State of Texas, if the witnesses are still available, is going to have to go to the trouble and expense of trying Harryman the second time when it most likely needs that time to

---

**7.** Gattie also contended that it was error not to have held an evidentiary hearing on his charge that the government suppressed favorable evidence.

try more recent, possibly more serious, cases. Harryman will again be convicted because he cannot deny that he had the contraband concealed on his person. With deference, this is just not the kind of case that post conviction review was intended to remedy.

Again, I must respectfully dissent.