**Gerald Lynn HARRISON,
Petitioner-Appellant,**

v.

**Norman J. OWEN, Respondent-Appellee.**

**No. 81–2462.**

United States Court of Appeals,
Seventh Circuit.

Argued April 6, 1982.

Decided June 29, 1982.

---

John D. Clouse, Barry L. Standley, Evansville, Ind., for petitioner-appellant.

David L. Steiner, Indianapolis, Ind., for respondent-appellee.

Before BAUER, POSNER, Circuit Judges, and GRANT,* Senior District Judge.

GRANT, Senior District Judge.

This is an appeal from the denial of a habeas corpus petition which alleges that statements made by Harrison and admitted into evidence at trial were obtained by false promises and misrepresentations by police officers and in violation of *Miranda.* Harrison was found guilty of first-degree felony murder and sentenced to life imprisonment for the brutal and senseless slaying of a cab driver during a robbery. His conviction was affirmed by the Supreme Court of Indiana, 269 Ind. 677, 382 N.E.2d 920 (1978), and certiorari was denied by the United States Supreme Court on April 16, 1979. 441 U.S. 912, 99 S.Ct. 2010, 60 L.Ed.2d 384 (1979).

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, sitting by designation.

## I.

The facts surrounding Harrison's statements to the police are set forth in the opinion of the Supreme Court of Indiana at 382 N.E.2d 920, 922–24. As Harrison's recitation of facts in his brief do not significantly differ, we will not include a separate statement in this Opinion. There are, however, several factual assertions made by Harrison that do merit recognition.

On the night of the murder, Harrison called his friend Charles Lilly, informed him that someone had been shot and possibly killed and that he needed to talk to him. Meeting several days later, Harrison told Lilly of his involvement in the killing and asked for advice.

During what then can be characterized as Lilly's negotiations with the police, Lilly stated that the police promised "considerations and leniencies" if the then unidentified individual would come forward and surrender. Lilly apparently understood that some type of deal had been made, lesser charges in exchange for the individual's surrender, and communicated this understanding to Harrison. Another fact asserted by Harrison in his brief is that immediately prior to his signing the confession, Lilly told him, based upon alleged representations made by the police to Lilly, that the police could not come right out with a deal but that consideration would be given to him later. Harrison contends these facts further support his claim that his confession was induced by false promises and misrepresentations.

After discussing the circumstances surrounding Harrison's statements and quoting the decision of the Indiana Supreme Court on this issue, the district court elected not to decide whether or not Harrison's oral statements were obtained by promises of leniency or influence. Rather, it denied Harrison's petition on harmless error grounds, stating:

> Even if it is determined, from the total record of circumstances, that his oral

statement was obtained in such a manner and therefore inadmissible petitioner's full statement of his participation in the alleged crime to his neighbor Charles Lilly testified to at trial, would render any error harmless because if the oral statement to the police was removed his full and nearly identical confession given to Lilly would be properly in the record. *Brinlee v. Crisp*, 608 F.2d 839, 851 (10th Cir., 1979).

In analyzing state court proceedings by way of § 2254 review, federal courts must distinguish between error which is so prejudicial as to deny the petitioner fundamental due process of law and that which does not. *Guzzardo v. Bengston, et al.*, 643 F.2d 1300 (7th Cir., 1981). Our review, therefore, will be limited solely to the propriety and justification of a harmless error finding under the presumption that Harrison's statements were obtained by false promises and misrepresentations.

## II.

 In order to find an error of constitutional magnitude harmless the reviewing court "must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). *See also Alicea v. Gagnon*, 675 F.2d 913, at 925 (7th Cir. 1982); *United States v. Posey*, 663 F.2d 37, 42 (7th Cir. 1981). Harrison essentially argues that the admission at trial of an involuntary or coerced confession can never be held to constitute harmless error. He cites in support the Supreme Court's decisions in *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), *Payne v. Arkansas*, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958) and *Haley v. Ohio*, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948). He particularly highlights the decision in *Stroble v. California*, 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872 (1952). None of these cases, however, establish any *per se* rule prohibiting a harmless error finding in the context of inadmissible confessions. Moreover, subsequent decisions by the Supreme Court refute the existence of any blanket prohibition. *Milton v. Wainwright*, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972); *Chapman, supra*. *See also United States ex rel. Robert Gorham v. Franzen*, 675 F.2d 932, at 938 (7th Cir. 1982); *Harryman v. Estelle*, 616 F.2d 870, 875 (5th Cir.) (en banc), *cert. denied*, 449 U.S. 860, 101 S.Ct. 161, 66 L.Ed.2d 76 (1980) ("It is well established that the admission of statements obtained in violation of *Miranda* may be said to constitute harmless error"). Therefore, we must reject Harrison's argument and proceed to the merits of the district court's harmless error finding.

The beginning of our analysis must be with *Milton v. Wainwright*, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972). In that case, the petitioner alleged that incriminating statements made by him to the police were involuntary under the Fifth and Sixth Amendments. The federal district court, in denying petitioner any habeas relief, ruled that no constitutional violations had occurred. The Supreme Court, just as the district court in the present case, declined to reach the merits of the petitioner's claim and found any error harmless. The Court stated:

On the basis of the argument in the case and our examination of the extensive record of petitioner's 1958 trial, we have concluded that the judgment under review must be affirmed without reaching the merits of petitioner's present claim. Assuming, *arguendo*, that the challenged testimony should have been excluded, the record clearly reveals that any error in its admission was harmless beyond a reasonable doubt. *Harrington v. California*, 395 U.S. 250 [89 S.Ct. 1726, 23 L.Ed.2d 284] (1969); *Chapman v. California*, 386 U.S. 18 [87 S.Ct. 824, 17 L.Ed.2d 705] (1967). The jury, in addition to hearing the challenged testimony, was presented with overwhelming evidence of petitioner's guilt, including no less than three full confessions that were made by petitioner prior to his indictment. Those confessions have been found admissible in the course of previous post-conviction

proceedings brought by petitioner in his attempts to have this conviction set aside, and they are not challenged here.

407 U.S. at 372–73, 92 S.Ct. at 2175. And it concluded with the following:

In initiating the present habeas corpus proceeding in the District Court, petitioner sought to have his conviction set aside on the ground that the statements he made to police officer Langford should not have been admitted against him. Our review of the record, however, leaves us with no reasonable doubt that the jury at petitioner's 1958 trial would have reached the same verdict without hearing Langford's testimony. The writ of habeas corpus has limited scope; the federal courts do not sit to re-try state *cases de novo* but, rather, to review for violation of federal constitutional standards. In that process we do not close our eyes to the reality of overwhelming evidence of guilt fairly established in the state court 14 years ago by use of evidence not challenged here; the use of the additional evidence challenged in this proceeding and arguably open to challenge was beyond reasonable doubt, harmless.

*Id.* at 377–78, 92 S.Ct. at 2177–78.

In *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972), a somewhat similar situation was examined in the context of codefendant statements admitted in violation of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The Court there first stated that:

The mere finding of a violation of the *Bruton* rule in the course of the trial, however, does not automatically require reversal of the ensuing criminal conviction. In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error.

405 U.S. at 430, 92 S.Ct. at 1058. The Court then examined in careful detail all of the evidence in the case. It stressed the "minutely detailed and completely consistent"

nature of the admissible confession, the extent of corroborating objective evidence and the corroborative nature of the inadmissible statements. The Court concluded that "the 'minds of an average jury' would not have found the State's case significantly less persuasive had the [inadmissible statements] been excluded." *Id.* at 432, 92 S.Ct. at 1059.

■ All of the factors considered as important by the Court in *Milton* and *Schneble* apply with equal force here. The challenged statements made by Harrison are practically identical to those recited by Lilly during his testimony. In fact, the testimony of the police officers is indistinguishable from Lilly's in this regard. As in *Schneble*, Lilly's testimony was "minutely detailed" and "completely consistent" with the challenged statements. As a close friend and confidant of Harrison, Lilly's testimony would certainly be given considerably more weight than the testimony of the police officers. Thus, the admissible confession is of an extremely high quality and probative value.

The State additionally contends that the police officers' testimony "only tended to corroborate the full and nearly identical confession that came into evidence through the testimony of Mr. Lilly." Appellee's Brief at 25. It apparently is attempting to rely upon the third factor noted in *Schneble*. We are not prepared to conclude that the sole purpose, result or nature of the police officers' testimony was for corroborative purposes. However, any prejudicial impact of that testimony resulting from it being considered as something more than corroborative evidence was significantly and sufficiently minimized by the strength of Lilly's testimony. Instead of allowing the jury to hear the story only once rather than twice, exclusion of the police officers' testimony would have little consequence to the final outcome. A different conclusion might be reached if Lilly's testimony were challenged as untrue. Under that circumstance, the police officers' testimony would take on substantial importance. *See Harryman v. Estelle*, 597 F.2d 927, 929 (5th Cir.

1979), *aff'd*, 616 F.2d 870 (5th Cir.) (en banc), *cert. denied*, 449 U.S. 860, 101 S.Ct. 161, 66 L.Ed.2d 76 (1980). But no evidence was introduced by Harrison challenging the truthfulness of Lilly's testimony. It stood essentially unrefuted. Furthermore, Lilly's testimony was corroborated by several witnesses, including Bushrod who spoke with both Harrison and Jackson. The trial produced only one explanation of what transpired during the night in question and Harrison's involvement, along with Jackson who was convicted separately of first degree murder, stands unrefuted.

■ Harrison argues in his brief that the district court erred in raising on its own the harmless error finding without first giving him an opportunity to argue the issue. It is the better practice for the court to inform a petitioner that harmless error is a possible issue and to request a memorandum on it or to schedule a hearing, especially where harmless error has never been previously addressed. But where the record speaks so clearly, as it does here, and where nothing could be gained from giving the petitioner an opportunity to respond, the district court's failure to do so does not constitute an error necessitating a remand for a hearing on harmless error.

The State produced a strong case against Harrison and the evidence as a whole, discarding from consideration Harrison's statements to police officers, established guilt beyond a reasonable doubt. As the Supreme Court made clear in *Fahy v. Connecticut*, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963), and in all of its subsequent harmless error decisions, the question of whether a constitutional error can be deemed to be harmless cannot be answered by considering the error in isolation. Our analysis is consistent with that directive. Therefore, we hold the admission of the police officers' testimony regarding Harrison's oral incriminating statements to be harmless beyond a reasonable doubt.